UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL S. COLLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:18-cv-2024-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 13. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.     <u>Background</u>

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since January 31, 2012. Administrative Record ("AR") 195-228. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 111-120, 125-137. A hearing was subsequently held before administrative law judge ("ALJ") Mark Triplett. *Id.* at 41-69.

1

Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id.*

On November 28, 2017, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 22-32. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since April 30, 2015, the amended alleged onset date.

\* \* \*

2. The claimant has the following severe impairments: degenerative disc disease and chronic obstructive pulmonary disease (COPD).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

* * *

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work with the following additional limitations. He can occasionally climb ramps and stairs, and he can never climb ladders, ropes, or scaffolds. He cannot tolerate noise levels above moderate as defined in Appendix D, Selected Characteristics of Occupations (1993 Edition). He can tolerate occasional exposure to extreme heat. He can tolerate no exposure to fumes, odors, dust, gases, or poor ventilation. He can tolerate no exposure to workplace hazards, such as unprotected heights and exposed moving machinery.

* * *

5. The claimant has no past relevant work.

6. The claimant was born on [in] 1965 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

10. The claimant has not been under a disability, as defined in the Social Security Act, from April 30, 2015, through the date of this decision.

*Id.* at 25-31 (citations to the Code of Federal Regulations omitted).

Plaintiff's request for Appeals Council review was denied on May 21, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II. <u>Legal Standards</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were

3

applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. <u>Analysis</u>

Plaintiff argues that the ALJ erred in (1) rejecting the opinion of his treating physician, (2) finding his carpel tunnel syndrome non-severe at step-two, and (3) discrediting his subjective complaints. ECF No. 12-1 at 13-21. As discussed below, plaintiff's first argument warrants remand and the court declines to address plaintiff's remaining arguments.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* "The ALJ

4

can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Plaintiff argues that the ALJ erred by rejecting the opinion of treating physician Dr. Grady Fort without providing legally sufficient reasons. ECF No. 12-1 at 13-16. Dr. Fort completed a medical source statement, which stated that plaintiff had been diagnosed with lumbar radiculopathy. AR 399. Dr. Fort opined that plaintiff could lift up to ten pounds occasionally, perform reaching and fine and gross manipulation for ten percent of the time during an eight-hour workday, sit for one hour in and eight-hour workday, and stand/walk for two hours in an eight-hour workday, but could not walk one city block without rest or significant pain. *Id*. It was also his opinion that during an eight-hour workday plaintiff would need to take unscheduled breaks every fifteen minutes for an indefinite period of time and would need to recline or lie down. *Id*. Dr. Fort also concluded that plaintiff's impairments would frequently interfere with attention and concentration, and they would likely cause plaintiff to be absent from work more than four times a month. *Id*. at 399-400.

Two State agency medical consultants reviewed plaintiff's medical records and provided opinions regarding his physical limitations. Dr. Pong opined that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for about six hours in an eight-hour workday; sit for more than six hours on a sustained basis in an eight-hour workday; and frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never ladders, ropes, or scaffolds. *Id*. at 75-76. Dr. Pong also opined that plaintiff should avoid even moderate exposure to heat, noise, and hazards such as heights and machinery. *Id*. State agency physician Dr. Pham largely agreed with Dr. Pong's opinion, but concluded that plaintiff had no environmental limitations and could only occasionally stoop and climb ramps, stairs, ladders, ropes, and scaffolds, with no other postural limitations. *Id*. at 96-77.

In assessing plaintiff's residual functional capacity, the ALJ afforded no weight to Dr. Fort's opinion, finding that:

/////

> it is inconsistent with the record as a whole, including Dr. Fort's treating notes, the [plaintiff's] longitudinal medical records, and his documented activities of daily living. Notably there is nothing in the medical evidence of record to support Dr. Fort's excessive limitations.

AR 29.[2]

The ALJ, however, offered no analysis to support his conclusion that Dr. Fort's opinion was inconsistent with plaintiff's medical records, including Dr. Fort's own treating records. The ALJ summarizes plaintiff's medical history, including objective findings detailed in Dr. Fort's treatment notes. AR 27-29. But the ALJ provides no explanation as to how Dr. Fort's opinion was inconsistent with the medical evidence of record, instead relying only on his unsupported conclusion. As explained by the U.S. Court of Appeals for the Ninth Circuit, such a conclusory rejection of a treating opinion is not sufficient:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988); *see also McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *Jones v. Astrue*, 503 F. App'x 516, 517 (9th Cir. 2012) ("However, it is not clear whether, in deeming the opinion 'unsupported by

---

[2] In summarizing Dr. Fort's opinion, the ALJ seems to suggest that Dr. Fort's opinion that plaintiff could not walk a block without rest or significant pain is inconsistent with the assessed walking/standing and sitting limitations. AR 29 ("[Plaintiff] could not walk even one city block. However, he could stand or walk for 2 hours in an 8-hour workday, and he could sit for 1 hour in an 8-hour workday."). The ALJ, however, does not specifically reject Dr. Fort's opinion based on this purported inconsistency. Even if he had, such a finding would not be supported by the record. Contrary to the ALJ's finding, Dr. Fort did not conclude that plaintiff "could not walk even one city block." *See id.* Instead, Dr. Fort opined that plaintiff could not walk a block "without rest *or* significant pain." AR 399 (emphasis added). That opinion is not inconsistent with the ability to stand *or* walk a *total* of two hours in an eight-hour workday, especially considering Dr. Fort's opinion that plaintiff would require frequent rest breaks.

objective findings,' the ALJ considered the treatment notes in the record, and if so, what specifically made them insufficient to support the opinion . . . . Accordingly, the ALJ failed to provide 'specific and legitimate reasons supported by substantial evidence in the record' . . . .") (unpublished).

The ALJ's conclusion that Dr. Fort's opinion was inconsistent with plaintiff's daily activities is similarly deficient. The ALJ's decision did briefly list activities plaintiff was able to perform, but he again failed to carry his burden of analyzing the inconsistency between plaintiff's activities and Dr. Fort's findings.[3] *See Gonzales v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990) (holding that where ALJ found claimant could perform sedentary work and referred to claimant's daily activities, ALJ erred by not stating how the "ability to perform those daily activities translated into the ability to perform appropriate work"); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that it allows for meaningful review"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings").

Based on the foregoing, the court finds that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Fort's treating opinion. Accordingly, the matter is remanded for further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case

/////

---

[3] In her cross-motion for summary judgment, the Commissioner offers her own analysis of the record and contends that it supports the ALJ's conclusions. But this court cannot affirm the ALJ's decision based on analysis he did not provide. *See, e.g., Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001) (an agency decision cannot be affirmed based on a ground that the agency did not invoke in making its decision); *see also Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (remand is appropriate when a decision does not adequately explain how a decision was reached, "[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall within the reasons set forth in the ALJ's decision, as adopted by the Appeals Council") (citation omitted).

7

for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is granted;
2. The Commissioner's cross-motion for summary judgment (ECF No. 13) is denied;
3. The matter is remanded for further proceedings consistent with this order; and
4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: September 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE